UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **DOUGLAS SHARRON PIGGEE**<br>    **FED. REG. #06845-097**<br><br>**VERSUS**<br><br>**J. P. YOUNG** | **CIVIL ACTION NO.  2:11-CV-298**<br><br>**SECTION P**<br><br>**JUDGE MINALDI**<br><br>**MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is the *pro se habeas corpus* petition filed pursuant to 28 U.S.C. § 2241 on February 22, 2011 by petitioner Douglas Sharron Piggee.  Doc. 1.  Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP).  He is currently confined at the United States Penitentiary- Canaan, Waymart, Pennsylvania.  However, at the time of filing this petition, he was incarcerated at the Federal Corrections Institute, Oakdale, Louisiana (FCIO).[1]  Petitioner names FCIO Warden J.P. Young as his defendant herein.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

---

[1] Jurisdiction must be judged as of the time a petition is filed.  *Lee v. Wetzel*, 244 F.3d 370, 375 n. 5 (5th Cir. 2001).  Since petitioner was incarcerated in this district when he filed his petition, jurisdiction and venue over his § 2241 petition are proper.  See *id.*; 28 U.S.C. § 2241(d).

*Statement of the Case*

In his petition, Piggee states that he was convicted following a plea of guilty on charges of armed bank robbery pursuant to 18 U.S.C. § 2113(a) and (b) in the United States District Court for the Eastern District of California. Doc. 1, p. 10. He was thereafter sentenced on August 27, 1999, to 188 months of imprisonment. Petitioner did not directly appeal.

On February 28, 2000, petitioner filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, with the sentencing court, the United States District Court for the Eastern District of California. Doc. 1, p. 11. Petitioner states that the grounds for his motion were ineffective assistance of counsel and that he was not a career offender. *Id*. His motion was denied. *Id*.

On January 29, 2009, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, in the United States District Court for the Western District of Virginia (Roanoke). *Id*. The court construed the petition as a § 2255 motion collaterally attacking his judgment and sentence. The court noted that the motion should have been filed in the sentencing court, and the motion was dismissed for lack of jurisdiction.

On May 22, 2009, petitioner filed another 28 U.S.C. § 2241 petition, this one in the United States District Court for the Middle District of Pennsylvania (Scranton). Petitioner raised three grounds in challenge to his 1999 sentence for armed bank robbery: (1) ineffective assistance of counsel; (2) improper sentencing enhancement under the career offender provision of the sentencing guidelines; and, (3) an intervening change in the law. The petition was dismissed on May 27, 2009, for lack of jurisdiction.

Thereafter, on October 7, 2009, petitioner filed another §2241 habeas petition with the U.S. District Court for the Middle District of Pennsylvania (Scranton) raising the same basic

claims grounds contained in his May 22, 2009, petition filed with the same court.

Piggee filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on February 22, 2011. He again challenges the underlying conviction and sentence entered by the U.S. District Court for the Eastern District of California. Doc. 1. More specifically, he states that he was improperly sentenced as a career offender based on a prior conviction received when he was a minor, and thus, he is actually innocent of being a career offender. Doc. 1, p. 10-12. He also raises ineffective assistance of counsel. Doc. 2, p. 11-12. Petitioner asks the court to sentence him without the career offender classification and to order his immediate release. Doc. 2, p. 9.

## *Law and Analysis*

Petitioner filed the instant petition for *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging the sentence imposed by the United States District Court for the Eastern District of California. *Habeas corpus* petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). On the other hand, a Motion to Vacate Sentence filed pursuant to 28 U.S.C. § 2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990).

Here, petitioner collaterally attacks his sentence and therefore, his claim should be advanced in a Motion to Vacate filed pursuant to 28 U.S.C. § 2255. However, a § 2255 motion must be filed in the sentencing court. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

Federal prisoners may use § 2241 to challenge the legality of their convictions or sentences but only if they satisfy the § 2255 "savings clause." *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" provides that a federal convict

may file a writ of *habeas corpus* pursuant to § 2241 if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. Reyes-Requena, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Pack,* 218 F.3d at 452 .

The fact that a prior § 2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. *Jeffers*, 253 F.3d at 830; *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000). Petitioner has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense; nor has he shown that his present claims were foreclosed by circuit law at the time when they should have been raised either at his trial, appeal, or in his previous Motion to Vacate. He has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the Savings Clause. Therefore, the instant petition for writ of *habeas corpus* must be dismissed for lack of jurisdiction. *Christopher v. Miles*, 342 F.3d 378 (5th Cir. 2003).

### *Conclusion and Recommendation*

Considering the forgoing, **IT IS RECOMMENDED THAT** the Petition for Writ of *Habeas Corpus* be **DENIED** and **DISMISSED WITH PREJUDICE** because the Court lacks jurisdiction to consider these claims.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Serv. Auto. Ass'n,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 2nd day of October, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE